UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward James Watson, # 18277-057, | ) C/A No. 9:11-2957-MBS-BM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Mildred L. Rivera, *Warden F.C.I. Estill*, | ) |
| Respondent. | ) |

Petitioner is a federal inmate at FCI-Estill, serving a life sentence for various drug and firearms convictions entered in *United States v. Watson*, Criminal No. 95-307-1. Petitioner's convictions were entered pursuant to a jury's verdicts. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions and sentence on direct appeal, and the Supreme Court of the United States denied discretionary appellate review. *United States v. Edward James Watson, aka Big Boy*, No. 96-4600, 129 F.3d 118 [Table], 1997 WL 702276 (4th Cir. Nov. 5, 1997) (*per curiam*), *cert. denied*, *Watson v. United States*, 522 U.S. 1063 (1998).

Petitioner filed a Section 2255 Motion to vacate in Civil Action No. 1:98-CV-00973 (M.D.N.C.), in which Petitioner raised ineffective assistance of counsel as a ground for relief. The United States District Court for the Middle District of North Carolina denied relief, and Petitioner's subsequent appeal (Fourth Circuit Docket No. 99-7717) was not successful. *United States v. Watson*, No. 99-7717, 213 F.3d 634 [Table], 2000 WL 432610 (4th Cir. April 20, 2000) (*per



*curiam*), *cert. denied*, *Watson v. United States*, 531 U.S. 971 (2000). A PACER search of the United States Court of Appeals for the Fourth Circuit reveals that on May 1, 2011, Petitioner filed a Motion for Leave to File a Successive Petition with the United States Court of Appeals for the Fourth Circuit (Fourth Circuit Docket No. 01-736), which was denied on May 17, 2011.

In the above-captioned case, Petitioner seeks relief pursuant to the holding of our Court of Appeals in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), which overruled *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). When overruling *Harp*, the Court of Appeals in *Simmons* held that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year. Hence, *Simmons* affects persons convicted in federal court who have prior convictions in the State of North Carolina, and requires district courts to consider the defendant's particular state record of conviction when making determinations relating to federal sentences.

Petitioner indicates that, in his case, he was sentenced to a mandatory life sentence under 28 U.S.C. § 851 because the sentencing court found that he had two predicate drug offenses, and argues that he is entitled to resentencing because the predicate offenses were consolidated in state court for sentencing and did not require the service of more than one year. Hence, according to Petitioner, they could not be used for Section 851 purposes.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes, and in light of the following precedents:

2



*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Further, as Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the Petition is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The claims raised in the above-captioned case are not proper § 2241 grounds for relief. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).



3

Hence, it does not matter that Petitioner has filed this action asserting a claim under § 2241. Since Petitioner is seeking relief from his federal sentence, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, No. 97 CR 391, 2000 WL 1788398 (N.D. Ill. Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead*.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> Many decisions in this circuit hold that substance controls over the caption.
>
> > Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir. 2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir. 1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a

4



> collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

*United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005). *See also United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003).

Many federal prisoners, such as the Petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (upholding summary dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). However, since the claim that Petitioner seeks to raise in the above-captioned case is cognizable, if at all, under 28 U.S.C. § 2255, Petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. *Quick v. Warden-FCI-Williamsburg*, No. 11-1556, 2011 WL 4640908 (D.S.C. Oct. 5, 2011)(Finding court did not have jurisdiction over § 2241 petition claiming that two prior North Carolina state convictions no longer qualify as predicate offenses under *United States v. Simmons, supra)*; *Hines v. Owens*, No. 10-2843, 2011 WL 53030 (D.S.C. Jan. 7, 2011)(Dismissing § 2241 petition where petitioner challenged his penalty or sentencing enhancement pursuant to *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), because petitioner had a remedy under § 2255)(citing *White v. Rivera*, No. 08-3681, 20089 WL 1456712 at * 4 (D.S.C. May 14, 2009)("The



5

Fourth Circuit has also noted that the savings clause does not give inmates who are only challenging their sentences, not convictions, recourse under § 2241.")). Petitioner has utilized this remedy, albeit not successfully. However, the Court of Appeals' refusal on May 17, 2011, to authorize a second § 2255 motion for Petitioner does not render the § 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *see Phillips v. Jeter*, Civil Action No. 4:04-CV-0846-Y, 2005 WL 465160, *1-*2 (N.D. Tex. Feb. 25, 2005), *appeal dismissed*, *Phillips v. Jeter*, No. 05-10494, 193 Fed. Appx. 326, 2006 WL 2006 WL 2254537 (5th Cir. Aug. 7, 2006). *Cf. United States v. Winestock*.

Under the holding of *In Re Jones*, 226 F.3d 328 (2000), § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Here, Petitioner does not satisfy the second prong of the *In Re Jones* test because there has been no change in the substantive law relating to the crimes for which he was convicted. *See also Riddle v. Mitchell*, Civil Action No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. April 27, 2010), *adopting* the undersigned's Report and Recommendation *reported at* 2010 WL 1707075 (D.S.C. Jan. 25, 2010). Rather, Petitioner challenges the use of his two prior state convictions as a predicate offenses under



*Simmons v. United, supra*. However, this Court does not have jurisdiction over the petition, as it challenges the validity of Petitioner's sentence and Petitioner cannot meet the savings clause.[**]

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring Respondent to file an answer or return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

December 1, 2011
Charleston, South Carolina

---

[**] *Cf. Farrior v. United States*, No. 11-263, 2001 WL 5830433 (E.D.N.C. Nov. 17, 2011)(citing *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) and 28 U.S.C. § 2255(f)(3)).



**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

